IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICK COMI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1348-SMY-RJD |
| | ) |
| SALVADOR GODINEZ, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Timothy Veath's Motion to Set Aside Default (Doc. 43). Plaintiff opposes the motion (Doc. 45). For the following reasons, the motion is **DENIED**.

On December 2, 2014, Plaintiff filed a Complaint against eleven defendants, pursuant to 42 U.S.C. § 1983. (Doc. 1). On threshold review, the Court found that Plaintiff had stated a cause of action against Veath, dismissing the claims against the other defendants. (Doc. 6). In its Memorandum and Order, the Court ordered Defendant "to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 6 at 17). A waiver of service was signed and returned by Veath on January 20, 2014. (Doc. 8). However, Veath failed to file an answer or other responsive pleading.

On March 24, 2016, Plaintiff filed a motion for default judgment "under Fed. R. Civ. P. Rule 55(a)." (Doc. 17). The Magistrate Judge interpreted this as a motion for default under Rule 55(a) and granted the motion on May 4, 2016. (Doc. 20). A Clerk's Default was entered against Veath the following day. (Doc. 21). Counsel was appointed for Plaintiff and she moved for entry of default judgment on October 18, 2017. (Doc. 39). Veath's counsel entered her

appearance on November 1, 2017, and filed both a motion to set aside the default and an opposition to the Motion for Default Judgment. (Docs. 41-43).

Under Federal Rule of Civil Procedure 55(c), the Court has the discretion to set aside an entry of default for "good cause shown." More specifically, in order to have an entry of default set aside, a defendant must show good cause for default, quick action to correct it, and a meritorious defense to the complaint. *Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982).

Here, Veath has failed to show good cause for default. Essentially, he blames the Clerk of Court for having sent the Notice of Suit and Request for Waiver of Service to him at his home instead of his place of (former) employment. Veath retired from Menard Correctional Center in December 2013. (Doc. 43). He states that since his retirement, he has been "involved with several lawsuits" and "that he reasonably relied upon Menard staff and the Illinois Attorney General's Office to keep him apprised of developments in each case." (*Id.* at ¶ 11). He asserts:

> Commonly, when a retired IDOC employee is named in a lawsuit, the Waiver of Service is sent to the prison at which they were previously employed. The prison then forwards the Waiver to the former employee at their last known address, along with a written request for representation form from the Illinois Attorney General's Office.

(Doc. 42 at ¶ 16). Because the Waiver of Service was sent directly to Veath, the Illinois Attorney General's Office was not independently aware that yet another suit had been filed against Defendant.

Veath does not contend that he took any steps to notify Menard, the Illinois Department of Corrections ("IDOC") or the Attorney General's Office of the present case until the October 2017 Motion for Default Judgment was filed. Moreover, he offers no explanation as to why he did not contact any of these organizations other than that he "reasonably relied upon Menard staff and the Illinois Attorney General's Office to keep him apprised of developments in each

case." He simply assumed that the Attorney General's Office was handling it along with his other cases. (Doc. 43 at ¶ 11). He also maintains that he had no notice that the Illinois Attorney General's Office was not handling the case because he did not receive the Entry of Default or any other pleadings until the October 2017 Motion for Default Judgment. (*Id.*).

Veath's explanations do not constitute good cause for his default. He received and signed the Waiver of Service that provided warnings of default. He has provided no facts to indicate that he made any effort to contact Menard, the Attorney General's Office, the IDOC litigation coordinator or anyone else after executing the waiver of service to ensure that a response to Plaintiff's Complaint would be filed on his behalf or took any action to protect his own interest in the litigation. The fact that the pleadings were sent to him directly instead of through Menard like in other cases against him is no excuse – he had notice of the litigation and of the consequences should he fail to answer the Complaint.

Further, Veath knew or should have known from his previous cases that he was required to fill out a written request for representation form if he wanted the Attorney General's Office to represent him. At the very least, Veath's decision to do nothing and to assume that someone was representing him when he no longer worked for the IDOC was an abandonment of his responsibility to protect his own legal interests. *Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) ("careless reliance . . . is no less than a deliberate and willful abdication of [the party's] legal responsibility to protect its own interests in the litigation.") *See also Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) ("Maintaining communication during the course of litigation is the responsibility of both attorneys and their clients. Mere lack of communication does not excuse compliance with the rules, or from the penalties for failing to do so.").

Veath's allegation that he did not receive copies of filings until the October 2017 Motion for Default relates to the "quick action" requirement, not good cause. While it explains why more than a year passed between the Entry of Default and the request that it be set aside, it has no bearing on the reason default was entered in the first place.

Finally, Veath cites the Prisoner Litigation Reform Act of 1996 ("PLRA") for the proposition that "[n]o relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Veath appears to have confused entry of default under Rule 55(a) with default judgment under Rule 55(b) – no relief is awarded under the former. Although the PLRA does not define "relief," the Court applies the ordinary plain meaning of the term: "[t]he redress or benefit, especially equitable in nature (such as an injunction or specific performance), that a party asks of a court." Black's Law Dictionary (10th ed. 2014). As the Seventh Circuit Court of Appeals has explained, entry of default does not itself provide any relief:

> The basic effect of an entry of default…is that upon default, the well-pleaded allegations of a complaint relating to liability are taken as true. The defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c). At the same time, however, the entry of default does not of itself determine rights. That role is reserved for a default judgment.

*VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) (internal quotations and citations omitted). Thus, an entry of default pursuant to Rule 55(a) forecloses a delinquent party from contesting the liability portion of the well-pled allegations, but grants no relief.

Accordingly, the Motion to Set Aside Default (Doc. 43) is DENIED. As Plaintiff must demonstrate that he is entitled to the relief he seeks, the Court will hold an evidentiary hearing on the issue of damages. Pursuant to 42 U.S.C. § 1997e(g)(2), Defendant is hereby ORDERED to file a reply within 14 days of this Order addressing Plaintiff's damage allegations only.

**IT IS SO ORDERED.**

**DATED: November 27, 2017**

                                                          **s/ Staci M. Yandle**
                                                          **STACI M. YANDLE**
                                                          **United States District Judge**